Raymond **NICHOLS** and Lena **Nichols**,
Appellants,

v.

Taft **HARRIS** and Eunice **Harris**, Appellees.

Court of Appeals of Kentucky.

Nov. 24, 1967.

Rehearing Denied March 15, 1968.

John G. Prather, Somerset, J. M. Luker, London, for appellants.

Meriel D. Harris, Somerset, for appellees.

CULLEN, Commissioner.

On a former appeal of this boundary-dispute case this court, in an unpublished opinion, remanded the case to the circuit court with directions to "clarify and construe" a judgment of that court in a previous suit between the appellees herein and the appellants' predecessor in title, involving the same lands, and then to appoint a surveyor to survey and mark the boundary line in accordance with the clarified and construed judgment. These directions were predicated upon the fact that all parties had agreed that the judgment in the previous suit was binding, the only disagreement being as to what the judgment held. The main ambiguity in the previous judgment concerned whether the boundary was to be fixed by the location of a certain line of a General Brooks patent, which ran south 28 degrees west, or whether the boundary was to be determined by the lines of a Meece-Hunt patent.

Upon remand of the case the trial judge entered a document entitled "The Court's Judgment Clarified" in which he said that the judgment in the previous suit meant, in substance, this: A certain line of the Brooks patent (under which the appellants claim) properly ran S 28 W instead of S 32 W as shown in the patent. Using the correct line, the Meece-Hunt patent (under which the appellees claim) is located outside the Brooks patent lines, and therefore there is no overlap of the two patents or conflict between them. Accordingly, a survey of the Meece-Hunt patent "will make an end to the lawsuit." After entering this document the judge appointed a surveyor, suitable to all parties, to go out and survey the lines of the Meece-Hunt patent. He did so, and reported that the property lines claimed by the appellees coincided with the Meece-Hunt patent lines. Whereupon the court entered judgment for the appellees.

The appellants maintain that the judgment in the previous suit fixed the boundary in accordance with the S 28 W line of the Brooks patent, and that the opinion of this court on the former appeal so recognized. They say that the circuit court should have had the S 28 W line surveyed, or should have permitted the appellants to introduce proof as to the location of that line.

The difficulty with the appellants' argument lies in the fact that the thing they say was clear in the previous judgment is the very thing that this court said on the former appeal was ambiguous. The whole problem was to determine what significance the judgment intended to give to the S 28 W line. In clarifying the judgment the circuit

judge said that the S 28 W line was significant in that it showed there was no overlap of the patents, wherefore the true boundaries could be determined simply by running a survey of the Meece-Hunt patent. As thus clarified the judgment did not make the S 28 W line the "judgment line."

It appears to us that the trial court did exactly what our opinion on the former appeal directed him to do. Accordingly, under the law-of-the-case rule, the judgment now on appeal must be considered to be correct.

The judgment is affirmed.